EVANS, District Judge,
dissenting:
I respectfully dissent. I agree with the majority that an ERISA plan administrator’s decision to deny disability benefits without reviewing medical reports in the possession of the Social Security Administration could lead to incongruous or arguably inequitable results. However, on the facts of this case, I would hold simply that the district court’s decision was de novo correct and that the arguments Melech makes regarding procedural unfairness are without merit.
LINA did comply with all ERISA regulations, including notifying Melech of “any additional material or information necessary for [Melech] to perfect [her] claim and [provide] an explanation of why such material or information is necessary.” 29 C.F.R. § 2560.503 — l(g)(l)(iii). Specifically, LINA informed Melech in writing that she should submit medical documentation to support her appeal, which “includes, but is not limited to: copies of office notes, test results, physical examination reports, mental status reports, consultation reports, or any other pertinent medical information.” Record, no. 112-2, at 74. This admonition was repeated in LINA’s response to Me-lech’s letter of October 10, 2008, which stated she had been granted Social Security disability benefits and that this decision had been based in part on seeing Drs. Jackson and Bass. LINA’s response granted Melech an additional 45 days within which to file new medical documentation and file a second appeal request. LINA could not have independently obtained the Jackson and Bass opinions from the Social Security Administration.
The district court correctly ruled that it would not consider any materials which were not before the plan administrator at the time it made its decision to deny benefits. The district court’s decision meticulously considered all the evidence which had been before the plan administrator and affirmed the plan administrator’s decision. While the majority’s opinion explicitly says “neither ERISA nor the Policy required LINA to ferret out evidence in Melech’s or the SSA’s possession,” I think that will be the perceived message of the majority opinion. I am concerned that the majority opinion promotes uncertainty in the already confusing law which surrounds ERISA disability cases.